# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-4084<br>Judge Ramon E. Reyes, Jr. |

**MOTION BY FEDERATION FOR AMERICAN IMMIGRATION REFORM FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF AND IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Edwin E. Pieters
NYS Bar No: 4248621
Federation for American Immigration Reform
25 Massachusetts Ave, NW, Suite 330
Washington, DC 20001
(718)755-8087
edwin.pieters1083@gmail.com

Counsel for Movant
Federation for American Immigration Reform

The Federation for American Immigration Reform ("FAIR") respectfully moves for leave to file the attached Proposed *Amicus Curiae* Brief in support of Plaintiff and in opposition to Defendants' motion to dismiss. FAIR has sought consent for this motion from both parties; the Plaintiff has consented and Defendants have indicated that they take no position. In support of this motion, FAIR states as follows:

1. FAIR is a nonprofit corporation and membership organization that was founded in 1979 and has its principal place of business in Washington, D.C. FAIR's mission is to advocate for immigration policy that is in America's best interest. FAIR has been involved in more than 100 legal cases since 1980, either as a party or *amicus curiae*, with the aim of advancing this mission. The decision in this case will have an impact on the ability of the federal government to identify and deal efficiently, fairly, and safely with an illegal alien population estimated to exceed 18 million people in the United States. FAIR has an interest in this case because Defendants' sanctuary policies obstruct federal immigration enforcement, violating the Supremacy Clause and federal statutes like 8 U.S.C. §§ 1357, 1373 and 1644.

2. "'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, the appellate rules' criteria for granting leave to file *amicus* briefs can be looked to in support of FAIR's motion. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most

1

compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As then-Judge Samuel Alito wrote for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

3.  FAIR's proffered brief will bring the following relevant matters to the Court's attention:

- By prohibiting local officers from sharing immigration-related information with federal officers, Defendants' policies stand as an obstacle to cooperation among federal, state, and local law enforcement, which it has been the purpose of Congress to facilitate. The policies also make it more difficult for the federal government to achieve another, obvious, purpose of Congress: enforcement of the immigration laws it has passed. As obstacles to both of these congressional purposes, the policies violate the Supremacy Clause of the Constitution.

- Defendants' sanctuary policies also require local officials to withhold information about the location of removable aliens from federal officials, in violation of federal anti-

harboring provisions. The policies thus violate the Supremacy Clause by making it impossible for such officials to obey both them and federal law

4. Because these issues are relevant to this Court's decision on Defendants' motion to dismiss, FAIR's brief may aid the Court.

For the foregoing reasons, FAIR respectfully requests that the Court grant this Motion for Leave to file the accompanying brief as *amicus curiae*.

Dated: January 30, 2026          Respectfully submitted,

/s/ *Edwin E. Pieters*
Edwin E. Pieters*
Federation for American Immigration Reform
25 Massachusetts Ave. NW, Suite 330
Washington, DC 20001
Tel: (718) 755-8087
Fax: (202) 387-3447
Email: edwin.pieters1083@gmail.com
* admission pending

Counsel for *Amicus Curiae*
Federation for American Immigration Reform

# CERTIFICATE OF CONFERRAL

I hereby certify that Counsel for FAIR has conferred with the parties about the relief sought in this motion. Plaintiff has indicated that it consents to this motion. Defendants have stated that they take no position on the motion.

Dated January 30, 2026

/s/ *Edwin E. Pieters*
Edwin E. Pieters
Federation for American Immigration Reform
25 Massachusetts Ave, NW, Suite 330
Washington, DC 20001
Telephone: (718)755-8087

Attorney for Movant
Federation for American Immigration Reform

**CERTIFICATE OF SERVICE**

I certify that on February 23, 2026, I filed the foregoing Motion for Leave to File an *Amicus Curiae* Brief, and the Proposed *Amicus Curiae* Brief of the Federation for American Immigration Reform, via the Court's CM/ECF system, which constitutes service on all parties registered as CM/ECF users pursuant to Local Rule 5.5.

/s/ *Edwin E. Pieters*